UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA RADCLIFFE,

    Plaintiff,

vs.

WHITLAM LABEL CO., INC.
and KRISTINE MALCOLM,

    Defendants.
_____/

Civil Action No.
07-CV-13946

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is presently before the court on defendants' motion for summary judgment [docket entry 16]. Plaintiff has filed a response in opposition and defendants have filed a reply. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument.

This is an employment discrimination action. Plaintiff was employed by defendant Whitlam Label Co., Inc., as a customer service representative from January 2004 until she was discharged in January 2007. Defendant Kristine Malcolm was plaintiff's supervisor. Plaintiff alleges that defendants discriminated against her based on her gender and age by giving her "less favorable work assignments, less training and other resources to do her job, and more work than similarly situated younger male employees, including but not limited to Dan Hubbard"; by denying her "a timely pay raise and retroactive pay to the date when she should have received a raise"; by subjecting her "to different requirements for when she could punch in and begin work than were younger male employees"; and by subjecting her "to unfair and pretextual written reprimands on the basis of inaccurate statements of the facts of the incidents leading to the reprimands." Complaint

¶¶ 14-17. She asserts age discrimination claims under the Age Discrimination in Employment Act ("ADEA") and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA") (Counts I and IV), and sex discrimination claims under Title VII of the Civil Rights Act of 1964 and the ELCRA (Counts II and III). Plaintiff seeks damages, costs, interest and attorney fees. Defendants deny that they discriminated against plaintiff and assert that she was discharged for insubordination, lack of communication, and unprofessional behavior.

Defendants have moved for summary judgment on all of plaintiff's claims. Under Fed. R. Civ. P. 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Once a properly supported summary judgment motion has been filed, the burden shifts to the party opposing the motion to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* dispute as to any *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Viewing the evidence "in the light most favorable to the opposing party," *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970), summary judgment may be granted only if the evidence is so one-sided that a reasonable fact-finder could not find for the opposing party. *See Anderson*, 477 U.S. at 248-50; *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478-80 (6th Cir. 1989). In other words, "[a] material issue of fact exists where a reasonable jury, viewing the evidence in the light most favorable to the non-moving party, could return a verdict for that party." *Vollrath v. Georgia-Pacific Corp.*, 899 F.2d 533, 534 (6th Cir.

1990).

The legal standards governing the burdens of proof and production in Title VII, ELCRA and ADEA cases are well established. Under Title VII, ADEA and ELCRA[1], plaintiff must first set forth a prima facie case of discrimination. If plaintiff states a prima facie case, the burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for its actions. If the employer does so, the burden shifts back to plaintiff to prove by a preponderance of the evidence that the reasons offered by the employer are a pretext for discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-56 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

In a gender discrimination case, plaintiff states a prima facie case by showing that "(1) she is a member of a protected group; (2) she was subjected to an adverse employment decision; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class, or similarly situated non-protected employees were treated more favorably." *Peltier v. United States*, 388 F.3d 984, 987 (6th Cir. 2004). "Similarly situated" means that plaintiff and the non-protected employee "must be similar in 'all of the relevant aspects.'" *Barnes v. City of Cincinnati*, 401 F.3d 729, 737 (6th Cir. 2005), *quoting Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 353 (6th Cir.1998). In an age discrimination case, plaintiff states a prima facie case by showing that "(1) he was at least 40 years old at the time of the alleged discrimination; (2) he was subjected to an adverse employment action; (3) he was otherwise qualified for the position; and (4) he was

---

[1]Michigan courts follow Title VII and ADEA precedents when analyzing gender and age discrimination claims brought under the ELCRA. *See Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004); *Hall v. State Farm Ins. Co.*, 18 F. Supp.2d 751, 766 (E.D. Mich. 1998); *Featherly v. Teledyne Indus., Inc.*, 194 Mich.App. 352, 357-58 (1992).

replaced by a younger worker." *Mickey v. Zeidler Tool and Die Co.*, 516 F.3d 516 521 (6th Cir. 2008). *Accord Matras v. Amoco Oil Co.*, 424 Mich. 675, 683 (1986).

If plaintiff states a prima facie case, and if the employer offers a non-discriminatory reason for the adverse employment action, plaintiff must present evidence demonstrating the reason is pretextual by

> show[ing] one of the following: "(1) that the proffered reason[] had no basis in fact, (2) that the proffered reason[] did not actually motivate the action, or (3) that the proffered reason [was] insufficient to motivate the action."
>
>   Under the first and third methods of showing pretext, the fact finder may infer discrimination from the circumstances. Under the second method, [plaintiff] may not rely exclusively on his prima facie evidence, but instead must introduce some further evidence of discrimination.

*Cicero v. Borg-Warner Automotive, Inc.*, 280 F.3d 579, 589 (6th Cir. 2002) (citations and footnote omitted).

Having reviewed the parties' briefs and exhibits, the court concludes that plaintiff has failed to make out a prima facie case of gender or age discrimination because she has not shown she was replaced by a male or a younger employee. Nor has she demonstrated that, while she was employed, similarly situated male or younger employees were treated more favorably in any relevant, legally significant way.

The parties agree that plaintiff was discharged on January 12, 2007, and that she was 48 years old. In their response to plaintiff's interrogatories, defendants indicate that plaintiff was

replaced on July 16, 2007, by a 43-year old female employee.[2] Dfts' Ex. 4. The fact that plaintiff was replaced by a female destroys her Title VII and ELCRA claims that she was discharged because of her gender, as the fourth prong of a prima facie case requires plaintiff to show that she was replaced by a person outside the protected class. The ADEA and ELCRA age discrimination claims are destroyed as well because, as plaintiff concedes, the Sixth Circuit has held, based on an exhaustive review of the case law around the country, that the replacement worker must not only be younger than plaintiff but "significantly younger," meaning the age difference must be more than six years. *See Grosjean v. First Energy Corp.*, 349 F.3d 332, 340 (6th Cir. 2003) ("an age difference of six years or less between an employee and a replacement is not significant"). This threshold is not met in the present case, as the difference in age between plaintiff and her replacement is five years.[3]

---

[2]From the time plaintiff was discharged (mid-January 2007) until the time her replacement was hired (mid-July 2007), the parties agree that defendant Malcolm and another one of defendant's employees, Julie Russell, took over plaintiff's job responsibilities. Plaintiff asserts that Malcolm was 36 and Russell was 28, apparently in an effort to show that she was replaced by significantly younger workers. This argument fails because "[s]preading the former duties of a terminated employee among the remaining employees does not constitute replacement." *Lilley v. BTM Corp.*, 958 F.2d 746, 752 (6th Cir.1992).

[3]Nor is plaintiff's case saved by the fact that she was discharged shortly after Whitlam underwent a reorganization that resulted in a reduction in force ("RIF"). Plaintiff correctly notes that in RIF cases, the fourth prong of the prima facie is different than in a discharge case. In a RIF case, the fourth prong requires a showing, not of replacement, but of "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1465 (6th Cir.1990). However, plaintiff has presented no evidence to show that she was discharged as part of Whitlam's reorganization. The undisputed testimony of Whitlam's personnel director is that 13 employees were laid off on December 6, 2006, and that this was the end of the reorganization. Dft's Ex. 3 (Kinsel dep.), pp. 13-14, 23-24. Plaintiff was discharged five weeks later, on January 12, 2007. There is no evidence in the record, and no citation to case authority, to support plaintiff's assertion that "since Plaintiff was terminated only one month after a reduction in workforce, her termination must be considered in conjunction with that

The remaining aspects of plaintiff's case is that defendants treated her less favorably than male and/or younger workers. In this connection plaintiff has a long list of petty grievances about ways her employer treated her more harshly than men and/or younger workers, or ways her employer treated these other employees more preferentially. Plaintiff allegedly was chastised for mistakes which were caused by a younger, male co-worker; a younger worker allegedly received a better parking spot; defendants allegedly "wrote up" plaintiff for leaving work early, while a younger worker was allowed to do so; and plaintiff allegedly was reprimanded for violating the dress code, while younger workers were allowed to wear flip-flops. These allegations are frivolous in the extreme.[4] They do not begin to amount to the type of "materially adverse change" in the terms and conditions of employment which are required to satisfy the second prong of a prima facie case under Title VII, ADEA or the ELCRA. *See Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir. 1999) (noting that a "materially adverse change" must be more than "a mere inconvenience"; examples of such change are termination, demotion, material loss of benefits, and significantly diminished responsibilities). The "unfair treatment" listed by plaintiff is precisely the sort of "*de minimus* employment actions [which] are not materially adverse and, thus, not actionable." *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462 (6th Cir. 2000).

For the reasons stated above, the court concludes that plaintiff has failed to state a prima facie case of gender or age discrimination because she has not shown she was replaced by a

---

circumstance." Pltf's Resp., p. 12.

[4]In her response brief, plaintiff does not mention the more serious allegations in the complaint regarding her being given less favorable work assignments, less training, more work, or differing punch-in requirements. *See* Pltf's Resp., p. 13. Plaintiff does reiterate her allegation that she was not given a raise as promptly as two younger workers, *see id.*, but she offers no evidence to support this allegation.

male or by a significantly younger person. Nor has plaintiff shown that, prior to being discharged, she suffered any materially adverse changes in the terms and conditions of her employment. Accordingly,

IT IS ORDERED that defendants' motion for summary judgment is granted.


s/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated: June 24, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 24, 2008, by electronic and/or ordinary mail.

s/Carol Mullins
Case Manager